■ In the Matter of 10 EAST REALTY, LLC, et al., Appellants, v INCORPORATED VILLAGE OF VALLEY STREAM, et al., Respondents. [857 NYS2d 571]—

The respondent 1 E. Lincoln Realty Corp. (hereinafter Lincoln Realty) entered into a contract with the respondent Incorporated Village of Valley Stream under which Lincoln Realty would purchase from the Village a parcel of property which had been used as a municipal parking lot. The petitioners commenced a proceeding pursuant to CPLR article 78, challenging the determination authorizing the Village's sale of the parking lot to a private entity on the ground, inter alia, that the sale violated the public trust doctrine (*see Matter of 10 E. Realty, LLC v Incorporated Vil. of Val. Stream,* 49 AD3d 764 [2008] [decided herewith]). During the pendency of that proceeding, the Village's Board of Trustees issued a determination authorizing the Village to enter into a 40-year lease of the parking lot to Lincoln Realty, which would take effect in the event that any court found the Village's sale of the parking lot to Lincoln Realty to be invalid. The lease, however, would be deemed void "[i]n the event that one or more courts of competent jurisdiction dismiss the outstanding litigation." The petitioners then commenced this CPLR article 78 proceeding, challenging the lease on the ground, inter alia, that it violated the public trust doctrine to the same extent as did the sale of the property.

In the proceeding challenging the sale of the property, the Supreme Court entered a judgment denying the petition and, in effect, dismissing the proceeding. Since the sale of the parking lot had not been invalidated, and that CPLR article 78 proceeding had been dismissed, the lease, by its own terms, did not take effect. Accordingly, the Supreme Court denied the instant petition, which challenges the validity of the lease, as academic.

On the companion appeal from the judgment in the proceeding challenging the sale of the property, this Court has modified the judgment and granted that branch of the petition which was to annul so much of the Village's determination as authorized the Village to enter into a purchase-money mortgage with the respondent Lincoln Realty (*see Matter of 10 E. Realty, LLC v Incorporated Vil. of Val. Stream,* 49 AD3d 764 [2008] [decided herewith]). This Court's decision rejects the petitioners' argument that the sale of the parking lot violated the public trust doctrine and was therefore impermissible ab initio. Thus, this Court has not decided that the Village lacked the legal authority to effect any conveyance of the property to Lincoln Realty. Yet, this Court also did not "dismiss the outstanding litigation," which would have rendered the lease void. Thus, there exists an ambiguity in the terms of the lease governing the circumstances under which it becomes effective, and it cannot be determined as a matter of law whether this Court's decision in the proceeding challenging

the sale of the property prevents the lease from taking effect. Accordingly, the petition challenging the validity of the lease is not necessarily academic, and should therefore be addressed on the merits.

In the decision on the appeal in the proceeding challenging the sale of the property, this Court has concluded that the Village's sale of the parking lot to Lincoln Realty did not violate the public trust doctrine (*see Matter of 10 E. Realty, LLC v Incorporated Vil. of Val. Stream,* 49 AD3d 764 [2008] [decided herewith]). For the same reasons, the lease challenged in the instant proceeding did not violate the public trust doctrine. Accordingly, the petition should have been denied and the proceeding dismissed on the merits.

The petitioners' remaining contentions are not properly before this Court. Prudenti, P.J., Spolzino, Fisher and Dillon, JJ., concur.